### GARCÍA *v.* FONT ET AL.

### APPEAL from the District Court of San Juan.

No. 9.—Decided April 12, 1904.

SEPARATE PROPERTY OF EACH SPOUSE.—The property brought to the marriage, or which is acquired during the continuance thereof for a good consideration, is the separate property of each spouse.

PARAPHERNAL PROPERTY.—Paraphernal property is that which the wife brings to the marriage without being included in the dowry, and that which she may acquire after the creation of the same without being added thereto.

ID.—OWNERSHIP OF—FRUITS—PROPERTY OF CONJUGAL PARTNERSHIP.—The wife retains the ownership of the paraphernal property, but the fruits of said property form part of the assets of the conjugal partnership, and it not appearing that the conjugal partnership has been dissolved, said fruits must be considered as coming within sub-division 3 of article 1401 of the Civil Code, that is, as property of the conjugal partnership.

MARRIAGE—SEPARATION OF PROPERTY.—In the absence of an express declaration in the marriage contract, the separation of the property of the spouses, during the marriage, shall not take place except by virtue of a judicial decree.

EXPOSICIÓN DEL CASO.

En el juicio seguido ante el Tribunal de Distrito de San Juan, entre partes, de la una Doña Francisca Garcia y Macías, como demandante, á la que ha representado ante este Tribunal Supremo el Letrado Hilario Cuevillas Hernández, y luego Don Jacinto Texidor, y de la otra, Doña Catalina Font, bajo la representación del Letrado Don Rafael López Landrón y Estrados Don Paulino Andreu, sobre tercería de dominio de una finca rústica; cuyo juicio pende ante Nos á virtud del recurso de casación, hoy de apelación, interpuesto por Doña Francisca García y Macías, contra la sentencia, dictada por el referido Tribunal que, copiada literalmente, dice así:

"Sentencia.—En la ciudad de San Juan de Puerto Rico, á catorce de Noviembre de mil novecientos dos.

"Visto este juicio declarativo seguido por Doña Francisca García y Macias, dirigida y representada por el Letrado Don Hilario Cuevillas Hernández, contra Doña Catalina Font y Pons y Don Paulino Andreu y Mora, declarados en rebeldía, sobre tercería de dominio de una finca rústica en Santurce.

*Resultando*: que enterado Don Paulino Andreu de que Doña Catalina Font deseaba entregar á renta vitalicia tres mil pesos moneda provincial, por escritura otorgada en veinte y siete de Julio de mil ochocientos noventa y cinco, convino en pasarle setecientos veinte pesos anuales de pensión, comprometiéndose á comprar ó hipotecar dicho capital en una casa de esta capital que valga más de la referida suma al efecto de responderle de lo convenido.

"*Resultando*: que Doña Catalina Font y Pons, fundada en la mencionada escritura pública, primera copia, siguió juicio ejecutivo contra Don Paulino Andreú y Mora por mil cuatro pesos de capital, doscientos pesos por intereses y la costas, y librada la ejecución se trabó embargo el veinte y ocho de Noviembre de mil ochocientos noventa y nueve, en una estancia sitio del Machuchal, barrio de Santurce, con casa habitación y doscientas cuerdas de terreno, colindando, al Norte, con el mar, por el Sur la cienega de Seboruco, por el Este, Toribio Rodríguez, antes la Real Hacienda, y por el Oeste, Don Pablo Clemente.

"*Resultando*: que Doña Francisca García y Macías, por escritura

STATEMENT OF THE CASE.

This is an action instituted in the District Court of San Juan by Francisca García y Macías, as plaintiff, represented in this Supreme Court by Attorney Hilario Cuevillas Hernández, and afterwards by Jacinto Texidor, against Catalina Font, represented by Attorney Rafael López Landrón, and Paulino Andreu, in default, involving intervention proceedings based on the ownership of a rural estate. Said action is pending before us on appeal in cassation, now appeal, prosecuted by Francisca García y Macías from the judgment rendered by said court, which reads as follows:

"Judgment.—In the city of San Juan, Porto Rico, November 14, 1902.—This declaratory action, instituted by Francisca García y Macías, represented by Attorney Hilario Cuevillas Hernández, against Catalina Font y Pons and Paulino Andreu y Mora, declared in default, concerning proceedings in intervention based upon the ownership of a rural estate in Santurce, came on to be heard.

"Paulino Andreu, having ascertained that Catalina Font was desirous of putting out at a life income the sum of three thousand *pesos* in provincial money, agreed, by an instrument executed on July 27, 1895, to pay over to her the sum of seven hundred and twenty *pesos* per annum by way of pension, and obligated himself either to buy or secure a mortgage with said capital, on a house in this city worth more than the said sum, for the purpose of insuring the performance of the agreement.

"Catalina Font y Pons, basing her claim on a first copy of said public instrument, instituted an executory action against Paulino Andreu y Mora for one thousand and four *pesos* principal, two hundred *pesos* of interest, and costs, and the execution having been issued an attachment was levied on November 28, 1899, on a farm situated in 'Machuchal,' *barrio* of Santurce, with a dwelling-house and two hundred *cuerdas* of land, bounded on the north by the ocean, on the south by the Seboruco swamp, on the east by lands of Toribio Rodríguez, formerly of the Royal Treasury, and on the west by lands of Pablo Clemente.

"Francisca García y Macías, by deed executed on March 21, 1891,

otorgada en veinte y uno de Marzo de mil ochocientos noventa y uno, adquirió de Don Eusebio Rodríguez. y Fernández el condominio de una estancia en el sitio, barrio, número de cuerdas de terreno y colindancias antes expresadas, por precio convenido, donado y pagado de presente por Don José María Sanjuán y Berenguer, siendo la suma de mil seiscientos pesos la que la compradora reconocida aceptó, cuya escritura aparece inscrita en el Registro de la Propiedad en el tomo setenta y cinco del archivo, veinte y cuatro de la capital, en veinte de Abril de mil ochocientos noventa y cinco; y por otra escritura de nueve de Julio de mil ochocientos noventa y seis dicha García y Macías adquirió de Doña Luisa, Doña Clemencia, Doña Herminia y Don Jorge Goico el resto del condominio de dicha estancia, inscrito á su favor en el Registro, siendo el precio setecientos cincuenta pesos provinciales entregados en donación por el mencionado Don José María San Juan á la compradora, que lo aceptó, é inscrita dicha venta en el Registro de la Propiedad en veinte y dos de Febrero de mil ochocientos noventa y siete.

"*Resultando*: que por declaratoria ante el Notario Palmer, según escritura de cuatro de Abril de mil ochocientos noventa y nueve, Don Paulino Andreu y Doña Francisca García después de sentar que ésta tiene entablada demanda de divorcio contra aquel por ser imposible la vida común, que hace tiempo viven separados, y en vista de las dilaciones por que se hace pasar el divorcio, declaran regirá entre ambos, mientras se dicte el fallo, lo siguiente: que no viven ni pueden vivir juntos sin peligro para ambos, que la García nada tiene que dar á Andreu de los frutos de sus aportaciones y demás bienes que adquiera para los efectos del artículo 1385 del Código Civil, ni Andreu á la García para su sostenimiento: que renuncian á todas las leyes que puedan oponerse á lo pactado; ratificando Andreu el poder dado á su esposa en nueve de Julio de mil ochocientos ochenta y seis.

"*Resultando*: que fundáda en esos documentos, Doña Francisca García formuló demanda de tercería de dominio contra Doña Catalina Font y Don Paulino Andreu y pidiendo se declare que la finca expresada en los resultandos anteriores, embargada por la Font, le corresponde en dominio, se levante el embargo y se deje á su libre disposición; sentado como hechos los que aparecen de los resultandos expresados, agregando que no entregó á su marido dicha finca para administrarla, que no han tenido hijos en el matrimonio; siendo el derecho los artículos 60, 1381, á 1386; 1396, 1401 y 1531 á 1533 del Código Civil.

"*Resultando*: que declarada rebelde Dona Catalina Font y abierto

acquired from Eusebio Rodríguez y Fernández the co-ownership of a farm in the place, *barrio,* and with the number of *cuerdas* of land and boundaries previously mentioned, for a price agreed upon, given and paid at the time by José María San Juan y Berenguer, the sum which the recognized purchaser accepted being one thousand six hundred *pesos,* which said deed is recorded in the Registry of Property, in book 75 of record 24 of the capital, on April 20, 1895. By another deed of July 9, 1896, said García y Macías acquired from Luisa, Clemencia, Herminia and Jorge Goico the rest of the co-ownership of said farm recorded in their favor in the Registry, the price being seven hundred and fifty *pesos* in provincial money delivered as a donation by the said José María San Juan to the purchaser, who accepted it, and said sale was recorded in the Registry of Property on February 22, 1897.

''By declaration made before Notary Palmer, according to an instrument of April 4, 1899, Paulino Andreu and Francisca García y Macías, after setting forth that the latter has instituted an action for divorce against the former, for the reason that it is impossible for them to live together, and that for some time they have lived separately, and in view of the delays incident to the action for divorce, declare that both will be governed, until the rendition of judgment, by the following: That they do not and cannot live together without danger to both; that Mrs. García is not required to give to Andreu anything of the fruits of the property brought° by her to the marriage and the other property which she may acquire, within the meaning of article 1385 of the Civil Code, nor Andreu to García for her support; that they will waive all laws which may be in conflict with said agreement, Andreu ratifying the power of attorney given to his wife on July 9, 1886.

''Basing her claim on these documents, Francisca García presented a complaint in intervention based on ownership against Catalina Font and Paulino Andreu, and requested that the ownership of the estate described in the foregoing findings of fact, and which was attached by Font, be declared to belong to him, that the attachment be raised and the property be left to his free disposal; the same facts being set forth as those which appear in the findings of fact in question, and adding that she did not deliver said estate to her husband to administer it, and that they had not had any children by the marriage, her legal conclusions being based upon articles 60, 1381 to 1386, 1396 1401 and 1531 to 1533 of the Civil Code.

''Catalina Font having been declared in default, and the case

el juicio á prueba; de las del actor consta; primero, la certificación del Secretario de este Tribunal de las constancias del ejecutivo consistentes en la diligencia de embargo, la nota del Registrador de la Propiedad no admitiendo el mandamiento para anotar el embargo por aparecer inscrita la finca á nombre de Doña Francisca García, copia del escrito pidiendo certificación de la nota de presentación de la escritura, en virtud de la que inscribió á nombre de la García la finca, expresando dicha certificación que la García por su propio derecho, presentó la primera copia de la escritura de nueve de Julio de mil ochocientos noventa y seis y el acta notarial de treinta de Diciembre de mil ochocientos noventa y seis por la que Andreu consiente la donación que Sanjuan hace á la García del dinero con que adquiere: y al margen del asiento, la nota de hecha la inscripción de la tercera parte del condominio de la estancia 'Machuchal' mencionada en anteriores Resultandos, así como la presentación de la escritura de las otras dos terceras y hecha la inscripción.

*Resultando*: además de la testifical del actor que á Doña Francisca García la han conocido siempre trabajando y que Andreu es de mala cabeza y se ha ausentado del país: y de la confesión de la demandada Doña Catalina Font, que prestó el dinero á Andreu con el consentimiento de su esposa, aunque no figura: que el documento es de nueve mil *pesos* con la obligación de pagarle sesenta mensuales y que ella era la que le llevaba el dinero todos los meses.

Siendo Ponente el Sr. Juez Presidente Don Juan Morera Martínez.

*Considerando*: que son bienes propios de cada cónyuge los que se aportan al matrimonio por títulos lucrativos cuando se hace sin condición de ningún género y que son bienes parafernales los que la mujer aporte al matrimonio sin incluirlos en la dote y los que adquiere después de constituida ésta, sin agregarlos á ella.

*Considerando*: que la mujer conserva el dominio de los bienes parafernales; pero los frutos de dichos bienes forman parte del haber de la sociedad conyugal y no constando la separación de bienes en la forma prescrita por el artículo 1433 del Código Civil ni disuelta por tanto la sociedad de gananciales, hay que conceptuar

having been opened for the admission of evidence, the following appears from that submitted by the plaintiff: Certified copy of the clerk of this court of parts of the record of the executory action consisting in the attachment proceedings; the note of the registrar of property refusing to admit the order for the entry of the attachment, on the ground that the estate is recorded in the name of Francisca García; copy of the communication requesting a certified copy of the note of presentation of the deed by virtue of which the estate was recorded in the name of Mrs. García, said certified copy setting forth that Mrs. García presented, in her own right, the first copy of the deed of July 9, 1896, and the notarial instrument of December 30, 1896, by which Andreu consents to the donation made by San Juan of the money by which the property was acquired; and upon the margin of the entry of the note of the recording of the third part of the co-ownership of the Machuchal farm mentioned in previous findings· of fact, as well as the note of the presentation of the deed of the other two-thirds, and the making of the record.

"There is also the testimony of witnesses of the plaintiff to the effect that they had always known Francisca García as a hard-working woman, and that Andreu is a man of evil disposition and has absented himself from the country; and the testimony of the defendant, Catalina Font, to the effect that she had loaned money to Andreu with the consent of his wife, although such consent does not appear; that the document is for nine thousand *pesos,* with the obligation of paying her sixty *pesos* per month, and that she was the one who carried her the money every month.

"The opinion of the court was prepared and delivered by Presiding Judge Juan Morera Martínez, as follows:

"The separate property of each of the spouses is that brought to the marriage for a good consideration when it is done without conditions of any kind, and paraphernal property is that which the wife brings to the marriage without being included in the dowry and which she may acquire after the creation of the same without being added thereto.

"The wife retains the ownership of the paraphernal property, but the fruits of said property form part of the assets of the conjugal partnership, and in the absence of a separation of the property in the manner prescribed by article 1433 of the Civil Code, and the conjugal partnership not therefore having been dissolved, said fruits

dichos frutos en el número tercero del artículo 1401 de dicho Código.

*Considerando*: que á falta de declaración expresa en las capitulaciones matrimoniales, la separación de bienes, entre los canyuges durante el matrimonio, no tendrá lugar sino en virtud de providencia judicial.

*Considerando*: que no accediéndose á todos los extremos de la demanda las costas deben imponerse sin especial condena.

Vistas las disposiciones legales citadas y demás de aplicación general de la Ley de Enjuiciamiento Civil.

*Fallamos*: que debemos declarar y declaramos con lugar la demanda de tercería interpuesta por Doña Francisca García en cuanto al dominio de la finca embargada á su esposo Don Paulino Andreu en el ejecutivo que le sigue Doña Catalina Font; y sin lugar en cuanto á los productos ó rentas de la misma finca, sin especial condenación de costas. Así por ésta nuestra sentencia, lo pronunciamos, mandamos y firmamos.—Juan Morera Martínez.—Juan R. Ramos.—José R. F. Savage.''

*Resultando*: que contra esta sentencia interpuso Doña Francisca García Macías recurso de casación por infracción de ley, que le fué admitido; y elevados los autos á este Tribunal Supremo, con citación y emplazamiento de las partes, evacuaron éstas el trámite de instrucción que le fué conferido en atención á sustanciarse el recurso como de apelación, en virtud de la ley de la Asamblea Legislativa, aprobada en 12 de Marzo de 1903, referente á la conversión de este Tribunal, en Corte de apelación, habiéndose señalado día para la vista, que tuvo lugar en 30 de Marzo último, en cuyo acto informaron los letrados de las partes lo conducente á sus respectivas pretensiones.

Abogado del apelante: *Sres. Cuevillas y Texidor.*

Abogado del apelado: *Sr. López Landrón.*

La otra parte apelada no compareció.

El JUEZ ASOCIADO, SR. FIGUERAS, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apalada, y

must be considered as coming within the third subdivision of article 1401 of said Code.

"In the absence of a specific declaration in the marriage contract, the separation of the property of the spouses, during the marriage, shall not take place except by virtue of a judicial decree.

"In the event all matters set forth in the complaint are not acceded to the costs should be imposed without special imposition.

"Having examined the legal provisions cited and other provisions. of general application of the Law of Civil Procedure, we adjudge that we ought to sustain and 'do sustain the complaint in intervention presented by Francisca García with respect to the estate upon which an attachment was levied against her husband, Paulino Andreu, in the executory action instituted against him by Catalina Font, and dismiss the same as to the proceeds or revenues of said estate, without special imposition of costs.

"Thus by this our judgment do we pronounce, order and sign. Juan Morera Martínez, Juan R. Ramos, José R. F. Savage."

From this judgment Francisca García Macías took an appeal in cassation for error of law, which was allowed; and the record having been sent up to this Supreme Court, with a citation of the parties, the latter complied with the requirement of examining the record, which was submitted to them with a view of conducting the case as one of appeal, by virtue of the act of the Legislative Assembly, approved March 12, 1903, relative to the conversion of this tribunal into a court of appeals. A day was set for the hearing, which took place on the 30th of March last, when counsel for the parties alleged all proper matters in support of their respective claims.

*Messrs. Cuevillas* and *Texidor,* for appellant.

*Mr. López Landrón,* for respondent.

The other party appellant did not appear.

MR. JUSTICE FIGUERAS, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact and conclusions of law of the judgment appealed from are accepted.

*Resultando* : que, dictado auto para mejor proveer se trato á vista el juicio sobre divorcio promovido por Doña Francisca García Macías contra su esposo Don Paulino Andreu Mora, y consta del mismo que, en seis de Octubre de 1902, se dictó sentencia por la Corte de Distrito de San Juan, declarando con lugar la demanda, y en su virtud se decretó el divorcio del matrimonio celebrado por los cónyuges indicados, en dos de Julio de mil ochociento ochenta y seis, en cuanto á sus efectos civiles, constando además que el juicio se siguió en rebeldía del demandado y que el encabezamiento y la parte dispositiva de la referida sentencia se publicó en los días 13, 14 y 15 de Noviembre de 1902 en el periódico "Heraldo Español" que se publica en esta ciudad, y todo se hizo en virtud de lo dispuesto en el artículo 283 de la Ley de Enjuiciamiento Civil.

*Considerando* : que no se han cometido los errores que se señalaron al formalizar el antiguo recurso de casación.

*Considerando* : que las costas deben imponerse á la parte cuyas pretensiones hayan sido totalmente desestimadas.

*Vistas* las disposiciones egales que en la sentencia recurrida se citan, y la Ley de la Asamblea Legislativa de 12 de Marzo de 1903, con los artículos 358 y 371 de la Ley de Enjuiciamiento Civil y la orden General No. 118, serie de 1899.

*Fallamos* : que debemos confirmar y confirmamos la sentencia que en 14 de Noviembre de 1902 dictó la Corte de Distrito de San Juan, con las costas á cargo de la parte apelante, Doña Francisca García Macías, sin perjuicio de los derechos que puedan corresponder á dicha señora en virtud de la sentencia dictada en el pleito de divorcio seguido contra su esposo Don Paulino Andreu; y remítanse los autos de tercería y el de divorcio que se trajo en virtud del auto para mejor proveer, con certificación de esta sentencia, á la Corte de Distrito de San Juan.

Jueces concurrente : Sres. Presidente Quiñones y Asociado Hernández.

Los Jueces Asociados Sres. Sulzbacher y MacLeary con-

An order having been made in furtherance of justice, the record of the action for divorce instituted by Francisca García Macías against her husband, Paulino Andreu Moro, was brought before the court, and it appears therefrom that on October 6, 1902, judgment was rendered in the District Court of San Juan sustaining the complaint, and by virtue thereof a decree was entered dissolving the marriage entered into by said spouses on July 2, 1886, with respect to its civil effects. It also appears that the action was conducted in default of the defendant, and that the heading and adjudging portion of said judgment were published on the 13th, 14th and 15th of November, 1902, in the "Heraldo Español," a newspaper published in this city, and that all this was done in pursuance of the provisions of article 283 of the Law of Civil Procedure.

The errors assigned at the time of perfecting the former appeal in cassation have not been committed.

Costs should be imposed upon the party whose claims are totally rejected.

In view of the legal provisions cited in the judgment appealed from, the Act of the Legislative Assembly of March 12, 1903, articles 358 and 371 of the Law of Civil Procedure, and General Order No. 118, series of 1899, we adjudge that we should affirm and do affirm the judgment rendered by the District Court of San Juan on November 14, 1902, with costs against the appellant, Francisca García Macías, without prejudice to the rights which may appertain to said party by virtue of the judgment rendered in the action for divorce instituted against her husband Paulino Andreu. The records in the intervention proceedings and the action for divorce, which were produced in compliance with the order made in furtherance of justice, are ordered to be returned to the District Court of San Juan with a certified copy of this judgment.

Chief Justice Quiñones and Justice Hernández concurred.

currieron también, pero exponiendo que no están conformes con la opinión en cuanto admite como prueba la sentencia dictada en el pleito de divorcio, que no formaba parte de los autos de la Corte inferior.

---

## Ex parte Miner.

Apelacion procedente de la Corte de Distrito de San Juan.

No. 111.—Resuelto en Abril 12, 1904.

Dominio—Posesion para Adquirirlo—Buena Fe—Justo Titulo.—Para adquirir por prescripción ordinaria el dominio de los inmuebles es necesario tener seis años de posesión, con buena fé y justo título.

Id.—Calificación del Título.—La calificación del título coresponde al Tribunal y es necesario indicar el título con que se posee, á fin de que el Tribunal pueda estimarlo y determinar si es, ó nó, justo.

### EXPOSICIÓN DEL CASO.

En os autos seguidos en el Tribunal de Distrito de San Juan por el abogado Don Luis Freyre Barbosa, á nombre de Mr. W. W. Miner, sobre información de dominio de una finca rústica, pendientes ante nos á virtud del recurso de apelación, interpuesto por la representación del promovente contra la sentencia pronunciada por el referido Tribunal de Distrito, que copiada á la letra dice así:

"Puerto Rico, Septiembre primero de mil novecientos tres.. *Resultando*: que el Letrado Don Luis Freyre Barbosa, acudió al Tribunal en doce de Abril del año corriente en representación de W. W. Miner, alegando que careciendo de título escrito de dominio su causa-habiente deseaba justificar, con arreglo á la Orden Judicial de 2 de Abril de 1899 y artículo 395 de la Ley Hipotecaria, que es dueño de una finca rústica radicada en el barrio de 'Candelaria,' de Bayamón; antes Toa-Baja, compuesta de 30 cuerdas, equivalentes á once hectareas, 79 áreas y 19 centiáreas, colindante, por el norte, con Mr. George J. Case, representado por Mr. Enrique Grosch; por el Sur, con la carretera que de Cataño conduce á los Reyes Católicos; por el este,

Justices Sulzbacher and MacLeary also concurred, but stated that they did not concur in the opinion in so far as it admits as evidence the judgment rendered in the divorce suit, which formed no part of the record of the lower court.